IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DUSTIN GOFORTH, )
)
    Plaintiff, )
)
v. ) No. 3:13-cv-417
)
SUMNER COUNTY, TENNESSEE, ) Judge Trauger
SONNY WEATHERFORD, and )
SONYA TROUTT, )
)
    Defendants. )

**MEMORANDUM OPINION**

    Plaintiff Dustin Goforth filed this pro se civil rights action under 42 U.S.C. § 1983. He is proceeding in forma pauperis. His complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the court will dismiss the complaint for failure to state a claim upon which relief may be granted.

**I.    Factual Allegations**

    The plaintiff is presently incarcerated at the Robertson County Jail in Springfield, Tennessee, but his complaint concerns events that occurred when he was housed at the Sumner County Jail in Gallatin, Tennessee. He brings his § 1983 claims against three named defendants: (1) Sumner County, Tennessee; (2) Sumner County Sheriff Sonny Weatherford in both his individual and his official capacity; and (3) Jail Administrator Sonya Troutt in her individual and official capacity.

    In his complaint and the grievance forms attached as exhibits to the complaint, the plaintiff alleges that, while housed at the Sumner County Jail, he was forced to sleep on the floor instead of a bunk for approximately four months. He asserts his belief that, as a T.D.O.C inmate, he is not supposed to have to sleep on the floor.

    Second, the plaintiff complains that from January 12, 2013 through January 14, 2013, a period of 48 hours, he was forced to sleep in a cell that smelled terrible and that had human feces all over the door of the cell, smeared there by a former occupant of the cell. The plaintiff complained about the smell and asked to

move, but was told that the pod was full and there was not another cell available. A corrections officer obtained a bottle of disinfectant and a piece of cardboard and attempted to remove some of the feces from the "windowsill on the inside of [the plaintiff's] cell door" but this did not get rid of the smell. (ECF No. 1, at 7.) The next day, the plaintiff asked to move but was again told there were no cells open. Later that evening, the plaintiff discovered another cell was available, and the officer on duty agreed to let the plaintiff move, but his superior officers refused to authorize the move. They told the plaintiff he could instead clean the cell himself, but the plaintiff refused to do so because he "knew it was against [his] rights to have to touch any biohazard." (ECF No. 1, at 8.) The plaintiff was forced to spend another night in the offending cell, and was moved the next morning.

The plaintiff does not allege that he became ill as a result of the sleeping on the floor or as a result of his contact with the unsanitary conditions, or that he otherwise suffered any physical injury arising from jail conditions. He nonetheless seeks relief in the form of $100,000 – $200,000 in damages for "pain and suffering." (ECF No. 1, at 5.)

## II.     Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S.

at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. Legal Analysis

To state a claim under 42 U.S.C. § 1983, plaintiff must show: (1) that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States of America and (2) that the deprivation was caused by a person acting under the color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978).

The first question, then, is whether the allegations in the complaint and supporting documentation, accepted as true, give rise to an inference that the conditions at the Sumner County Jail violated the plaintiff's constitutional rights. In his complaint, the plaintiff asserts that his rights were violated by his being forced to sleep on the floor because of overcrowding at the jail, and by being forced to endure unsanitary and unpleasant conditions in his cell—resulting from human feces having been smeared onto the door of his cell by a prior occupant—for a period of 48 hours.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). An Eighth Amendment claim is composed of two parts: an objective component, which requires plaintiff to show a "sufficiently serious" deprivation, and a subjective component, which requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). For challenged jail conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night

-3-

Case 3:13-cv-00417    Document 3    Filed 05/09/13    Page 3 of 6 PageID #: 22

combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Alternatively, in the Eighth Amendment context, "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994). Besides the long-standing legal requirement of an "injury" in case law concerning prisoner complaints, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Applying these principles to the plaintiff's claims makes it clear he has not shown the violation of his constitutional rights. First, overcrowding, *per se*, is not necessarily unconstitutional. *Johnson v. Hefron*, 88 F.3d 404, 407 (6th Cir. 1996) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)). Overcrowding may become an Eighth Amendment concern only if overcrowded conditions cause an inmate to be denied the minimal civilized measure of life's basic needs, such as food, warmth, or exercise. *Wilson*, 501 U.S. at 298. But, "[n]othing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.*

Further, a prisoner has no right to sleep on an elevated bed. *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986); *see also Hubbard v. Taylor*, 538 F.3d 229, 235 (3d Cir. 2008) (forcing pretrial detainees to sleep on a floor mattress for three to seven months due to overcrowding is not a constitutional violation); *Grissom v. Davis*, 55 F. App'x 756, 758 (6th Cir. 2003) (seven-day deprivation of a mattress and bedding did not violate the Eighth Amendment); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (two-week deprivation of a mattress is not a constitutional violation); *but see Yelardy v. Taylor*, Civ. No. 03-1032-GMS, 2006 WL 680660 at *8 (D. Del. March 14, 2006) (finding a possible constitutional violation where pretrial detainee was required to sleep on the floor for twenty-two months).

In the present case, the plaintiff has not alleged that the overcrowded conditions or his being forced

-4-

to sleep on the floor resulted in the deprivation of any basic human need. Accordingly, his allegation that overcrowded conditions forced him to sleep on a mattress on the floor for a period of four months fails to state an actionable claim under the Eighth Amendment.

Likewise, the plaintiff's complaint about being forced to endure the smell and unsanitary presence of human feces smeared on his cell door for a period of 48 hours fails to state an Eighth Amendment claim, because the plaintiff does not allege that he suffered any injury, even a *de minimis* one, as a result of these conditions. Consequently, the plaintiff has not alleged that he suffered an injury that meets the PLRA's threshold. *See Starnes v. Green Cnty. Sheriff's Dep't*, No. 2:08-cv-244, 2010 WL 2165368, at *3 (E.D. Tenn. May 26, 2010) (plaintiff's complaint that he "felt sick" for two days was, at most, a *de minimis* injury that was insufficient to support an Eighth Amendment claim (citing *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010)); *Moore v. Simmons*, No. 5:06-CT3143 H, 2007 WL 4262702, at *3 (E.D.N.C. May 18, 2007) (no constitutional violation where plaintiff did not state that the complained-of conditions, including stagnant toilets and inmates throwing feces daily, "caused him serious or significant physical injury" despite the plaintiff's claim that the conditions caused "sore throat-high grade fever"). Even if the court presumes that the conditions as alleged by the plaintiff here caused an increased risk of disease and physical ailments, such risk has not been alleged to have resulted in actual physical harm. *Cf. Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no Eighth Amendment violation based on allegations that prisoner was exposed for four days to raw sewage from an overflowed toilet in his cell); *Catanzaro v. Mich. Dep't of Corrs.*, No. 08-11173, 2009 WL 2154921, at *4 (E.D. Mich. July 14, 2009) ("[W]hile the plaintiffs make generalized claims about unsanitary prison kitchen conditions, and assert that these conditions are likely to cause the spread of communicable diseases and assaults, they do not themselves establish that, as a result of allegedly unconstitutional prison conditions, they have been injured.").

Because the plaintiff has not shown that he suffered a serious deprivation of his basic human needs as a result of jail overcrowding or that he suffered any injury arising from the unsanitary jail conditions of which he complains, the plaintiff's Eighth-Amendment claims must be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

For the reasons set forth herein, the complaint will be dismissed with prejudice for failure to state a claim upon which relief may be granted.

An appropriate order will enter.

                                                                 Aleta A. Trauger
                                                                 United States District Judge